UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER CHAMBERS,

Plaintiff,

v.

PATRICK COVELLO, et al.,

Defendants.

No. 2:23-cv-02025 DB P

ORDER

Plaintiff Christopher Chambers proceeds without counsel and seeks relief under 42 U.S.C.
§ 1983. This matter was referred to the undersigned by Local Rule 302. See 28 U.S.C. §
636(b)(1). Plaintiff's complaint and motion to proceed in forma pauperis are before the court. The
complaint fails to state a claim, but plaintiff is granted leave to file an amended complaint within
30 days of the date of this order.

**I.      In Forma Pauperis**

Plaintiff seeks to proceed in forma pauperis. (ECF Nos. 2, 7.) The declaration makes the
showing required by 28 U.S.C. § 1915(a). Leave to proceed in forma pauperis is granted. By
separate order, plaintiff will be assessed an initial partial filing fee in accordance with the
provisions of 28 U.S.C. § 1915(b)(1). The order will direct the appropriate agency to collect the
initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.
Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

1

1   month's income credited to plaintiff's prison trust account. These payments will be forwarded by

2   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

3   exceeds $10.00 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

4   **II.     Screening Requirement**

5            Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis

6   proceeding, and mut order dismissal of the case if it is "frivolous or malicious," "fails to state a

7   claim on which relief may be granted," or "seeks monetary relief against a defendant who is

8   immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27

9   (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11  Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless

12  legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

13           Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement

14  of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S.

15  544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a

16  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

17  sufficient "to raise a right to relief above the speculative level." Id., 550 U.S. at 555. The facts

18  alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it

19  rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In

20  reviewing a complaint under this standard, the court accepts as true the allegations of the

21  complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer

22  v. Rhodes, 416 U.S. 232, 236 (1974).

23  **III.    Plaintiff's Allegations**

24           Plaintiff's complaint describes three incidents that took place while plaintiff was

25  incarcerated at Mule Creek State Prison. (ECF No. 1 at 1.) Through this action, plaintiff seeks

26  monetary damages. (Id. at 8.)

27           On August 2, 2023, plaintiff was on outpatient medical transport. (ECF No. 1 at 5.) When

28  he got up to throw away trash in the front of the bus, his leg shackles got caught in a large black

hook on the floor for wheelchair seatbelts which had not been safely packed away by defendants Batson and Smith. (Id.) Plaintiff fell forward and injured his ankle. (Id.)

On Saturday June 17, 2023, inmate Nelson came to plaintiff's cell. (ECF No. 1 at 6.) Inmate Nelson had threatened plaintiff many times previously in the presence of correctional staff. (Id.) Plaintiff yelled for help, but defendants Baillie and John Doe did not respond immediately. (Id.) As a result, plaintiff was assaulted and injured. (Id.)

On or about January 17, 2023, against plaintiff's protests, Dr. Nguyen, Psychiatrist, abruptly removed plaintiff from Wellbutrin without "stepping him down" as CDCR medical policy requires. (ECF No. 1 at 7.) Plaintiff suffered serious withdrawal symptoms. (Id.)

## IV.    Discussion

### A.    Legal Standards for Civil Rights Claims under 42 U.S.C. § 1983

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must show (1) the defendant committed the alleged conduct while acting under color of state law; and (2) the plaintiff was deprived of a constitutional right as a result of the defendant's conduct. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). The current allegations fail to plausibly allege a constitutional violation.

First, plaintiff alleges defendants Batson and Smith failed to use the standard of care necessary to ensure his safety with regard to the wheelchair seatbelts and their selection of the wheelchair bus. (ECF No. 1 at 5.) However, negligence, and even gross negligence, does not rise to the level of a constitutional violation. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). In order to state a claim under the Eighth Amendment, plaintiff must allege facts plausibly showing the defendants were deliberately indifferent to his health or safety. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005). A violation of the standard of care does not suffice to state a claim under the Eighth Amendment in connection with plaintiff's fall in the transport bus.

////

1    Second, the allegations fall short of plausibly showing a violation under the Eighth

2    Amendment by defendants Baillie and Doe. The failure of prison officials to protect inmates from

3    attacks by other inmates may rise to the level of an Eighth Amendment violation where prison

4    officials know of and disregard a substantial risk of serious harm to the plaintiff. See Farmer, 511

5    U.S. at 847; Hearns, 413 F.3d at 1040. Here, the allegations that plaintiff had been threatened

6    many times previously in the presence of correctional staff are not sufficient to plausibly show

7    defendants Baillie and Doe knew about a substantial risk of harm to plaintiff's health or safety

8    which they disregarded. See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986) (a prison

9    official need not "believe to a moral certainty" that an inmate is at risk of harm "before [being

10   constitutionally] obligated to take steps to prevent such an assault," but "must have more than a

11   mere suspicion that an attack will occur") (citation omitted). "[S]peculative and generalized fears

12   of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm

13   to [an inmate's] future health." Williams v. Wood, 223 F. App'x 670, 671 (9th Cir. 2007)

14   (citation omitted).

15      Finally, the complaint's allegations do not state a claim based on Dr. Nguyen's decision to

16   stop plaintiff's Wellbutrin. The complaint lacks facts plausibly showing Dr. Nguyen chose a

17   course of treatment that was "medically unacceptable under the circumstances" in "conscious

18   disregard of an excessive risk to [plaintiff's] health." Toguchi v. Chung, 391 F.3d 1051, 1058 (9th

19   Cir. 2004) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)). In other words, there

20   are no allegations from which the court could infer that defendant was subjectively aware of a

21   risk of serious harm to plaintiff. See Toguchi, 391 F.3d at 1057. A difference of opinion between

22   plaintiff and his medical provider concerning the appropriate course of treatment does not give

23   rise to an Eighth Amendment claim). See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)

24   (overruled in part on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014)).

25   Negligence in treating a medical condition does not give rise to a claim under the Eighth

26   Amendment. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). The complaint's allegations reflect

27   no more than a mere disagreement between petitioner and Dr. Nguyen over plaintiff's Wellbutrin

28   prescription, which is not actionable.

4

## V.    Conclusion and Order

Plaintiff's complaint does not state any cognizable claims, but plaintiff is granted leave to file an amended complaint. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). This opportunity to amend is not for the purpose of adding new and unrelated claims. Plaintiff should focus on curing the deficiencies in the potential claims already presented. If plaintiff chooses to file an amended complaint, it should be titled "first amended complaint" and must state what each named defendant did that led to the deprivation of constitutional rights. See Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009). An amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), and must be "complete in itself without reference to the prior or superseded pleading," E.D. Cal. Local Rule 220.

In the alternative, plaintiff may notify the court he wishes to stand on the complaint as it is currently pleaded. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004). If plaintiff chooses this option, the undersigned will issue findings and recommendations to dismiss the complaint without further leave to amend, after which plaintiff will be granted an opportunity to file objections, and a district judge will assigned to the case to determine whether the complaint states a cognizable claim. In the further alternative, if plaintiff does not wish to pursue these claims further, plaintiff may file a notice of voluntary dismissal, which will terminate this action by operation of law.

## VI.    Order

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request to proceed in forma pauperis (ECF Nos. 2, 7) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action as set forth by separate order.

3. The Clerk's Office shall send plaintiff a blank civil rights complaint form.

4. Within thirty days from the date of service of this order, plaintiff must file one of the following:

////

////

5

          a.   An amended complaint curing the deficiencies identified in this order;

          b.   A notice of election to stand on the complaint as filed; or

          c.   A notice of voluntary dismissal.

5.   Failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

Dated:  May 29, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
cham2025.scrn

6